```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                  Case No. 3:07-cr-72-33-TEM

JESSE KYLE FAIRCLOTH

                Defendant.

_____

### **ORDER**

This cause comes before the Court pursuant to Faircloth's Motion to Dismiss filed on May 2, 2007. (Doc. #27.) The Government filed a response in opposition on May 21, 2007. (Doc. #33.)

In his motion, Faircloth argues that dismissal of count three of the indictment is appropriate. Count three charges Faircloth with "knowingly carrying and possessing a firearm during and in relation to and in furtherance of drug trafficking crimes" in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. #1 at 2.) Faircloth argues dismissal of the charge is appropriate because the Government failed to provide evidence of a nexus between the firearm and the drug trafficking offense. (Doc. #27 at 1.) The Government maintains that any factual questions regarding the sufficiency of proffered evidence may not be determined by a pretrial procedure analogous to summary judgment in criminal cases. (Doc. #33 at 3.)

1

For the following reasons Faircloth's motion is due to be denied. The Eleventh Circuit does not recognize a pretrial procedure analogous to summary judgment in criminal cases. United States v. Salman, 378 F.3d 1266, 1268-69 (11th Cir. 2004). Whether a nexus exists between the firearm and the drug trafficking offense is a question of fact to be determined at trial. Id.

Faircloth argues that a nexus must exist between the weapon and the offense; Faircloth cites United States v. Young, 131 F.3d 1437 (4th Cir. 1997), for this proposition. (Doc. #27 at 1.) However, the Court need not consider the merits of Faircloth's argument in disposing of the present motion. Salman, 378 F.3d at 1268. "It is well-established that the sufficiency of a criminal indictment is determined from its face." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006)(internal quotations omitted)(quoting Salman, 378 F.3d at 1268). "The indictment is sufficient if it charges in the language of the statute." Salman, 378 F.3d at 1268 (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)). "For an indictment to be valid, it must contain the elements of the offense to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." Sharpe, 438 F.3d at 1263 (quoting United States v. Bobo, 344 F.3d 1076, 1083 (11th Cir. 2003)).

"A district court is limited to reviewing the face of the indictment and more specifically the language used to charge the crimes." Sharpe, 438 F.3d at 1263 (citing Critzer, 951 F.2d at 307).

"A court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." Id. (quoting United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987)).

There is no dispute that Faircloth was properly indicted for allegedly violating §§ 841(a)(1) and (b)(1)(B). (Doc. #27; Doc. #33.) Because the indictment is proper, the Government is entitled to present its evidence at trial. Salman 378 F.3d at 1368. Faircloth may test the sufficiency of the Government's evidence at trial via a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. Id. However, this Court will not "consider the overall sufficiency of the evidence presented by the Government" before trial. Sharpe, 438 F.3d at 1263.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Faircloth's Motion to Dismiss (Doc. #27) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 15th day of June 2007.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record

3